UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ASTRONOVA, INC.                             :
                                            :
     v.                                  :     C.A. No. 16-408M
                                            :
UBIQUITI NETWORKS, INC.                     :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(A)) is Plaintiff's Motion to Dismiss Defendant's Fraud-Based Amended Counterclaim. (Document No. 22). Defendant objects. (Document No. 23). For the following reasons, I recommend that Plaintiff's Motion be GRANTED as specified herein.

**Background**

Plaintiff initiated this suit on July 19, 2016 alleging that Defendant is infringing its federally registered ToughSwitch® trademark. (Document No. 1). On September 19, 2016, Defendant filed an Answer and Counterclaim. (Document No. 13). On October 21, 2016, Plaintiff moved to dismiss the Counterclaim to the extent it alleged fraudulent procurement of the trademark. (Document No. 16). Defendant mooted the Motion to Dismiss by Amending the Counterclaim. (Document No. 20). Plaintiff again responded with a nearly identical Motion to Dismiss Any Counterclaim of Fraudulent Procurement brought by Defendant. (Document No. 22).

**Discussion**

The applicable pleading standard has been clearly articulated in this District. "To establish fraud in the procurement of a federal trademark registration, Defendant must plead: '(1) that [Plaintiff] made a false representation to the PTO [United States Patent and Trademark Office] regarding a

material fact; (2) that [Plaintiff] knew that the representation was false; (3) that [Plaintiff] intended to induce the PTO to act in reliance on the misrepresentation; and (4) the PTO was thereby deceived into registering the mark.'" Clark Capital Mgmt. v. Navigator Invests., LLC, No. 14-182ML, 2014 WL 6977601 at *1 (D.R.I. Dec. 9, 2014) (citations omitted).  Defendant must allege and prove that the registrant had a "subjective belief" that his or her statement to the PTO was false, i.e., he or she actually knew or believed that someone else had a right to the mark. Id. at *3.

Plaintiff argues that Defendant has failed to meet this pleading standard because it has not alleged "that the declarant of the alleged misstatement possessed subjective belief concerning its falsity" (emphasis omitted). (Document No. 22-1 at p. 1).  In response, Defendant attempts to dance on the head of a pin.  It argues that it is not making a fraudulent procurement counterclaim but that its counterclaim "sets forth facts it currently knows supporting a conclusion that [Plaintiff's] former CEO and President intentionally misled the [PTO]." (Document No. 23 at pp. 1-2).  It also puts Plaintiff "on notice that the discovery [Defendant] will be pursuing regarding secondary meaning may also support a claim of fraud." Id. at p. 2.  Finally, it asserts that its Amended Counterclaim alleges facts that would support a claim of fraud that it was able to develop without the aid of discovery but that if it discovers further evidence supporting a claim of fraud on the PTO, then Defendant may move for leave to amend its Counterclaim to assert such a claim. Id. at pp. 2-3.  Thus, Defendant concludes that any legal evaluation of a fraudulent procurement claim is "premature." Id. at p. 3.  In reply, Plaintiff requests that any fraud-based claim be dismissed from the Counterclaim with prejudice and Defendant be barred from taking any discovery on an "unpled fraud claim." (Document No. 24 at p. 3).

Defendant's assertion that it is not making a fraudulent procurement claim is contradicted by its own filings.  First, in its "Summary of the Case" filed on October 27, 2016, Defendant indicated that the legal issues raised by its Counterclaim "include whether [Plaintiff] materially misled the PTO

in responding to the October 2012 rejection of the application for the ToughSwitch® mark." (Document No. 18). Second, Defendant asserts in its Amended Counterclaim that from the pleaded facts "a reasonable inference is that [Plaintiff's former President and CEO] knew about [Defendant's] TOUGHSwitch products when he claimed [in a declaration to the PTO] that Plaintiff was the substantially exclusive user of the ToughSwitch mark." (Document No. 20 at p. 10). However, Defendant also alleges that "[Plaintiff] knew or should have known that it did not have substantially exclusive use" at the time. Id. at p. 9 (emphasis added).

After close review of the Amended Counterclaim, I conclude that it contains a fraudulent procurement claim but fails to adequately plead the requisite "subjective belief" of falsity as set forth in the Clark Capital Mgmt. case, supra. Accordingly, I recommend that the Court GRANT Plaintiff's Motion to Dismiss any fraudulent procurement claim from Defendant's Amended Counterclaim.[1] In addition, pursuant to this Court's authority under Rules 12(b) and (f)(1), Fed. R. Civ. P., I further recommend that Defendant be Ordered to file a Second Amended Counterclaim which strikes the last sentence of paragraph 20 and paragraphs 21-24 in their entirety. These allegations were mostly added by Defendant in response to Plaintiff's initial Motion to Dismiss any claim of fraudulent procurement, and none of them reasonably appear to be pertinent to Defendant's original counterclaim that the ToughSwitch® name is merely descriptive and not legally entitled to trademark protection.

As to the scope of discovery, I decline Plaintiff's request that the Court issue an anticipatory Order barring certain discovery requests that have not yet been served. The general scope of discovery is defined in Rule 26(b)(1), Fed. R. Civ. P., and, if Plaintiff believes that Defendant's discovery

---

[1] Plaintiff seeks dismissal with prejudice. However, in view of Defendant's argument that it was not presently asserting a fraudulent procurement claim, the early stage of this case, and the liberal amendment policy embodied in Rule 15(a)(2), Fed. R. Civ. P., I recommend that the dismissal be without prejudice.

requests exceed that scope, it may utilize Rule 26(c), Fed. R. Civ. P., or its right to object to specific discovery requests as provided in the Rules.[2]

**Conclusion**

For the foregoing reasons, I recommend that:

1. Plaintiff's Motion to Dismiss Any Fraudulent Procurement Claim in Defendant's Amended Counterclaim (Document No. 22) be GRANTED and that such dismissal be without prejudice; and

2. Defendant be ORDERED to file a Second Amended Counterclaim that strikes the last sentence of paragraph 20 and paragraphs 21-24 in their entirety from its First Amended Counterclaim. (Document No. 20).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 3, 2017

---

[2] Of course, the Rules contemplate that the parties would confer in good faith to resolve any disputes about the proper scope of discovery in this case prior to engaging in motion practice under either Rule 26(c) or Rule 37, Fed. R. Civ. P.